JOHNSON STEEL STREET-RAIL CO. *v.* NORTH BRANCH STEEL CO.

*(Circuit Court, W. D. Pennsylvania. November 12, 1891.)*

WITNESS—CONTEMPT—SPECIAL EXAMINERS.

    On an examination before a special examiner a witness will be compelled, by proceedings in contempt, to answer questions that seem to be material to the issue.

*Sur* Rule for Attachment of George Hamilton for contempt.
*John R. Bennett,* for rule.
*George I. Harding* and *P. C. Knox,* opposed.

REED, J. In my judgment the witness Hamilton should answer the questions submitted to the court. They related to a period prior to the date of the patent in suit, and seem material and relevant to the issues of anticipation, and prior and public sale and use, raised by the defendant. In the case of *Robinson* v. *Railroad Co.,* 28 Fed. Rep. 340, Judge BUTLER said:

"In applications such as this [to compel witnesses before an examiner to answer] the court generally inclines towards the application, and requires an answer wherever it seems probable the testimony may be relevant. Care, however, must be exercised to avoid any unnecessary and improper inquiry into private affairs."

—And such I understand to have been the view entertained by him in the case of *Dobson* v. *Graham,* cited by plaintiff's counsel from a copy of the record in that case. The defendant should, however, confine his examination to the period prior to the date of granting the patent in suit. The ultimate decision, as to the effect and materiality of the testimony, of course rests with the circuit court for the eastern district, in which the case is pending, and I simply pass upon the questions so far as involved in this application, and upon a partial presentation of the case. When the witness answers the questions and pays the costs of this application the rule will be discharged.