Wilmer W. McElree, District Attorney of Chester County, and Mary A. Burnett, Appellants, *v.* Smedley Darlington and William Chalfant, Jr., and John Rupert, Receivers of the Chester County Guarantee, Trust & Safe Deposit Company.

*Corporations—Officers of corporations—Books—Evidence—Criminal law.*

An officer or employee of a corporation who is under indictment for embezzlement of its funds may not require of his employer a suppression or concealment of his own entries in its books, although the entries may furnish the material clue to his crime and possibly afford satisfactory evidence of it.

Where the president of the corporation which is in the hands of a receiver has been indicted for embezzlement, the court of common pleas which has appointed the receiver will entertain a petition of the district attorney and the prosecutrix in the criminal proceeding, for leave to examine the books, papers and accounts of the company in the hands of the receiver, although such examination may furnish evidence against the person indicted.

Argued Feb. 11, 1898. Appeal, No. 17, Jan. T., 1898, by plaintiffs, from order of C. P. Chester Co., dismissing petition to examine books of a corporation. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Petition to examine books, papers and accounts of the Chester County Guarantee, Trust & Safe Deposit Company. Before HEMPHILL, P. J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was order dismissing the petition.

*Charles H. Pennypacker*, with him *Wilmer W. McElree*, for appellants.—The books, papers and accounts are in the hands of the receivers and are not in the possession of the corporation: Booth v. Clark, 17 Howard (U. S.), 322; Robinson v. Atlantic, etc., Ry., 66 Pa. 160; Singerly v. Fox, 75 Pa. 114; Albany City Bank v. Schermerhorn, 9 Paige (N. Y.), 372; Chautauqua Co. Bank v. Risley, 19 N. Y. 374; In re Van Allen, Receiver of the Albany Bank, 37 Barbour (N. Y.), 225.

The right of the creditor or the depositor of the corporation is not taken away by the receivership: Penn. Bank v. Hopkins, 11 Pa. 328; Sarver's App., 81* Pa. 183; State v. R. R., 35 Ohio, 154; Rex v. Merchant Tailors' Co., 2 Barn. & Ad. 115.

Bondholders and creditors are entitled, for reasonable cause, to an inspection of the books, papers and accounts relating to a receivership: Fowler's Petition, 9 Abb. N. C. 268; Com. v. Phœnix Iron Co., 113 Pa. 573; Jacques v. Collins, 2 Blatch. 23; Union Bank v. Knapp, 3 Pickering, 96.

*Alfred P. Reid*, with him *Butler & Windle, J. Frank E. Hause* and *R. T. Cornwell*, for appellees.—The court could not compel the defendant in a criminal prosecution to submit to such an examination of his books, and could not even require him to produce his books and papers on a trial in a suit in the common pleas if thereby it was sought by them to establish the liability of the defendant for a penalty: Logan v. Penna. R. R., 132 Pa. 403; Boyle v. Smithman, 146 Pa. 255; Act of June 16, 1836, P. L. 784; Com. v. Keeper of County Prison, 23 W. N. C. 193; Beach on Receivers (2d ed.), sec. 653.

OPINION BY MR. JUSTICE McCOLLUM, October 17, 1898:

The Chester County Guarantee, Trust and Safe Deposit Company was incorporated July 28, 1885, under the corporation act approved April 29, 1874, and the supplement thereto approved May 24, 1881. It was authorized among other things to receive money on deposit. It invited by advertisement in the newspapers the making of such deposits, and as an inducement to make them offered to pay five per cent interest thereon. Its published statements heralded its soundness and solvency, and the result of its efforts in this direction was that a large number and amount of deposits were made with it. Mary A. Burnett, one of the appellants in this case, deposited on December 2, 1896, $1,300 with it and received a certificate therefor from its president. Within two months thereafter a bill in equity was filed in the court of common pleas of Chester county by Elias Blair et al. against said corporation, alleging insolvency, and praying, inter alia, for an injunction restraining it, its officers and directors, from disposing of its assets, for an investigation of its affairs and the appointment of a receiver. The plaintiffs

in the bill were interested in the corporation as depositors, creditors, stockholders, etc., and the said Mary A. Burnett was one of them.   The insolvency of the corporation was admitted in its answer filed February 12, 1897, and receivers were appointed the same day.   On March 22, 1897, a large number of depositors, including Mary A. Burnett, presented a petition to said court of common pleas for the appointment of A. R. Barrett, formerly of the United States Treasury Department, to examine the books, papers, accounts and securities of said corporation from 1891 to 1897 inclusive, at a salary of $10.00 per day for a time not exceeding thirty days, which petition was dismissed by the court on April 5, following.   At the April sessions, 1897, of the court of quarter sessions of the peace of the county of Chester, the president of the Chester County Guarantee and Safe Deposit Company was duly indicted for taking and receiving from Mary A. Burnett upon deposit on December 22, 1896, $1,300, with knowledge that he and the corporation he represented were then insolvent, and with intent then and there wilfully and fraudulently to embezzle the same.

On June 8, 1897, the appellants petitioned the court of common pleas for leave to examine the books, papers and accounts of the corporation then in the hands of the receivers.   The purpose of the examination was to ascertain the condition of the corporation when the deposit to which the indictment relates was made.   Their petition was dismissed by the learned court below on the ground that the examination proposed by them would constitute an infringement or denial of the rights of the party indicted as above stated.   This ruling was obviously made on the assumption that the books and papers were the property of said party, and that an examination of them by persons interested in the affairs of the corporation as shareholders, bondholders or depositors was not admissible, because it might result in the discovery of transactions having a tendency to criminate him.   But the books and papers of the corporation are not the property of the officers or employees, nor are they intended to protect them against the consequences of the frauds they may have perpetrated in their respective spheres of labor or duty.   An officer or employee of a corporation who is under indictment for embezzlement of its funds may not require of his employer a suppression or concealment of his own entries in its

books, although the entries may furnish the material clue to his crime and possibly afford satisfactory evidence of it.   The appellees cite Logan v. Penna. Railroad Co., 132 Pa. 404, and Boyle v. Smithman, 146 Pa. 255, as authority for the ruling complained of.   But they are manifestly inapplicable to the question before us.   The books in each case were the property and in possession of the defendant.   In Logan v. Railroad Co., the appeal was quashed on the ground that the order complained of was interlocutory, and in Boyle v. Smithman it was held that in an action for penalties under the Act of May 22, 1878, P. L. 104, " the defendant can neither be compelled to testify against himself nor to produce his books to be used as evidence against him."

In accordance with the views above stated we conclude that the learned judge of the court below should have authorized an examination by the appellants of the books and papers of the corporation, for the purpose of ascertaining its condition as to solvency or insolvency on December 2, 1896.

The order dismissing the petition is reversed and the petition is reinstated, with direction to the court below to enter an order in conformity with this opinion.