Harvey Murdock, Appellant, *v.* Charles W. McCutchen and Others, Composing the Firm of Holt & Company (the Said Charles W. McCutchen Being Also Sued as Sole Surviving Member of the Former Firm of Holt & Company), and Others, Respondents.

Second Department, January 10, 1913.

Discovery — records in possession of person not party to action — when suit to obtain discovery does not lie — subpœna duces tecum — subrogation.

Where written evidence is in the possession of persons not parties to an action the only way in which the plaintiff can obtain possession of it is by subpœna *duces tecum.*

Hence, a plaintiff suing the representatives of a deceased partner cannot maintain a suit for the purpose of obtaining a discovery of books which have come into the possession of the new firm where it is not a party to the action.

The plaintiff cannot maintain such suit for a discovery upon the theory that he is subrogated to the rights of the defendant executors of the deceased partner to inspect the accounts of the partnership of which he was a member.

*It seems,* however, that where persons occupy fiduciary relations a court of equity may enforce the right which each has against the other to an inspection of records which are the property of both.

Appeal by the plaintiff, Harvey Murdock, from an interlocutory judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 27th day of July, 1912, upon the decision of the court, rendered after a trial at the Kings County Special Term, sustaining a demurrer to the complaint interposed by the defendants Holt and Ammerman, and also from an order entered in said clerk's office on the 11th day of July, 1912, granting the motion of the defendants Leeming and Brooklyn Trust Company, as executors, etc., of Leonard J. Busby, deceased, for judgment on the pleadings.

*Edward M. Grout* [*Frederic R. Kellogg* and *Robert S. Sloan* with him on the brief], for the appellant.

*Robert Louis Hoguet* [*Randolph W. Childs* with him on the brief], for the respondents Holt and Ammerman.

*Arthur E. Goddard,* for the respondents Leeming and Brooklyn Trust Company as executors.

Interlocutory judgment and order affirmed, with costs, upon the opinion of Mr. Justice BLACKMAR at Special Term.

JENKS, P. J., HIRSCHBERG, BURR, THOMAS and CARR, JJ., concurred.

The following is the opinion delivered at Special Term:

BLACKMAR, J.:

The situation as I see it is this: There are in the books belonging to Holt & Co. certain entries which are evidence in the action now pending in this court in which the present plaintiff is plaintiff and the personal representative of a Mr. Busby, a deceased partner of Holt & Co., are defendants. As between the plaintiff and the defendants in the other action, plaintiff has the right of discovery and inspection of these records. This right has been adjudged in that action and an order entered to that effect and sustained upon appeal. (*Murdock* v. *Leeming,* 140 App. Div. 895). The order, however, is ineffective, because the records are in the possession of the new firm of Holt & Co., who are not subject to the order in the other action. The books which contain these entries are the property of that firm, and, as against the members of that firm, the plaintiff has no rights except the right which every litigant has to secure evidence wherever it exists. When evidence in the shape of writings is in the possession of persons who are not parties to the action, I know of no way to obtain possession of it except by *subpœna duces tecum.* This method is open to the plaintiff in the action which he has brought against the executors of Mr. Busby. I can understand that he could much more effectively handle this evidence if he could examine it at his leisure and analyze it and digest it, and he attempts to maintain this action for the purpose of facilitating the trial of the other action by an examination of the evidence before it is presented at the trial. I know of no such action. It may be that in the case of persons who occupy fiduciary relations to each other the court will secure the right which each has against the other to an inspection of the records, which are

the property of both, by a bill in equity laid for that purpose only. But such is not the case here. The plaintiff has as against Holt & Co. no right whatever to a discovery and inspection of records in their books. Holt & Co. are not liable to the plaintiff either in an action upon contract or tort. They are, so far as rights and liabilities are concerned, strangers to each other. Neither can the plaintiff maintain this action upon the theory that he is subrogated to the rights of the executors of Busby to inspect the accounts of the firm of which the deceased was a member. The surviving member of a partnership takes the legal title to all the property of the partnership as the survivor of joint owners. The only liability which he is under is to account to the representatives of the deceased partner and the only right of discovery and inspection is one incidental to such accounting. If this action can be maintained, then by parity of reasoning an action can be brought against any witness to obtain evidence in aid of another action. The remedy which the law affords plaintiff in the action brought by him and pending against the executors of Busby is the *subpœna duces tecum.*

The demurrers of the defendants Holt and Ammerman are sustained, and the motion by the defendants Leeming and Brooklyn Trust Company is granted. The decision is that the complaint does not state facts sufficient to constitute a cause of action. Judgment is directed dismissing the complaint, with one bill of costs. Plaintiff may amend upon payment of such costs within twenty days if he so desires. Settle decision and order on notice.