[No. 14137.   Department One.   September 14, 1917.]

## In the Matter of the Partnership Estate of WILLIAM CAMPBELL, JUNIOR.[1]

ESTOPPEL—IN PAIS—ACQUIESCENCE.   Partners who acquiesced in an executor's conducting the business of the partnership are estopped to question his power to do so.

STIPULATIONS—EFFECT—ESTOPPEL.   Where controversies over a partnership estate were settled to avoid further litigation, parties to the agreement cannot complain of anything that happened prior to the settlement.

EXECUTORS AND ADMINISTRATORS—ACCOUNTING — VOUCHERS — EVIDENCE—SUFFICIENCY.   An executor's account is supported by the evidence, although not accompanied by proper vouchers, where cancelled checks showed the payments, the books showing the conduct of the business, although not kept on scientific principles, were reported on by expert accountants, and apparently all evidence obtainable was offered and received.

APPEAL—REVIEW—HARMLESS ERROR.   Irregularity in the order of proof is not prejudicial upon a trial de novo on appeal.

EXECUTORS AND ADMINISTRATORS — ACCOUNTS — ISSUES — REVIEW. Upon objections to an executor's account, where the court sought to define the issues and thereby expedite the trial, it is not an abuse of discretion to refuse to allow the parties to litigate items not comprehended in their objections.

Appeal from a judgment of the superior court for King county, Charles F. Munday, judge pro tempore, entered July 7, 1916, approving the final account of an executrix, after a hearing upon objections before the court.   Affirmed.

*Smith, Newcomb & Worthington,* for appellants.

*S. G. Climenson,* for respondent.

MAIN, J.—This is an appeal by the administrator *de bonis non* of a partnership estate from a judgment allowing and approving the final and supplemental account of Clara Campbell, executrix of the estate of James McKinley Campbell,

[1]Reported in 167 Pac. 905.

deceased. The facts which gave rise to the controversy are as follows: The firm of Campbell Brothers had been in existence for a number of years prior to 1912, their business being that of machinists and engineers, launch builders, dealers in gas engines, etc. On September 10, 1912, William Campbell, Jr., a member of the firm, died, and James McKinley Campbell continued to operate the business. There were four other brothers—Robert, Alexander, Charles and John B. Campbell, all of whom worked in the business and claimed to be part owners. William and James McKinley Campbell claimed that they were the proprietors of the business of Campbell Brothers and that the other brothers were simply employees. On December 24, 1912, a petition for letters of administration of the partnership business of Campbell Brothers was filed in the probate court by James McKinley Campbell, asking that he be appointed administrator of the partnership estate of the deceased brother, William Campbell, Jr. This appointment was objected to by Robert, Charles, Alexander, and John B. Campbell, and William Campbell, Sr. James McKinley Campbell, upon the hearing, was appointed administrator. The order making the appointment recited that it was stipulated in open court that the appointment of James McKinley Campbell as administrator of the partnership estate should be without prejudice to the rights, if any, of William Campbell, Sr., and Robert, Charles, Alexander, and John B. Campbell in the partnership business. The order contained a further reservation that the withdrawal of Robert, Charles, Alexander, and John B. Campbell from participation in the work of the firm should in no wise prejudice their rights, if any, nor be taken as an admission by them that they were not members of the copartnership. Prior to the time this order was made and entered, on January 31, 1913, the four brothers mentioned had continued to participate in the business. After this they withdrew from such participation and the business was continued by James McKinley Campbell. After this an

action was instituted in the superior court in which all the parties claiming interest in the business of Campbell Brothers were made parties for the purpose of having determined what, if any, was the interest of each in the copartnership business. This action resulted in a judgment holding that all of the brothers were interested in the business and fixing the interest of each. After this judgment was entered and before the time for appeal therefrom expired, all of the interested parties signed a written agreement, the apparent purpose of which was to adjust all differences between them and avoid further litigation. By this agreement all the property, both real and personal, was to be divided as therein specified. It is recited in the agreement that:

"All of the bills and accounts receivable belonging to said estate, shall be collected by the administrator with all reasonable diligence and dispatch, and after the payment of the costs and expenses of administration therefrom, including the administrator's fee, attorney's fee and the inheritance tax if any, the net proceeds if any remaining, shall be divided equally between" the parties to the agreement.

Thereafter the property was divided in accordance with the terms of the written contract. On March 20, 1915, James McKinley Campbell died, and Clara Campbell was appointed executrix of his estate. On May 3, 1915, Robert, Alexander, Charles, and John B. Campbell filed a petition in the probate court asking that Alexander Campbell be appointed administrator *de bonis non* of the partnership estate of Campbell Brothers, and on the 14th day of May, 1915, an order was entered appointing Alexander Campbell as such administrator. On March 6, 1916, the administrator *de bonis non* filed a petition asking for the issuance of an order and citation directed to Clara Campbell, executrix of the estate of James McKinley Campbell, deceased, and the Title Guaranty and Surety Company, as surety on the bond of James McKinley Campbell as administrator of the partnership estate of Campbell Brothers. Thereafter, on March

25, 1916, an order was entered directing that the executrix, Clara Campbell, make a full and complete account of the accounts and doings of James McKinley Campbell, deceased, as administrator of the partnership estate of Campbell Brothers. On March 30, 1916, the executrix, responding to the order, filed a report and an account, to which, on May 1, 1916, Alexander, Robert, Charles, and John B. Campbell filed certain objections and exceptions. After these objections and exceptions were filed, there were certain motions and demurrers thereto. The trial judge before whom these were heard attempted to get the issues between the parties defined so that the trial of the cause might be expedited. When the cause came on for trial before the judge who had ruled upon the motions and demurrers, it proceeded for a time, when, at the suggestion of the trial judge, it was stipulated that the cause be tried before a judge *pro tempore*. Thereupon an order was entered appointing such special judge. When the cause came on for trial before the judge *pro tempore*, the evidence, so far as it had been admitted upon the previous hearing, was taken as part of the record in the case. The trial resulted in a judgment overruling all the objections and confirming the report and the supplementary report which had been filed prior to the hearing.

The record in the case is somewhat complicated, and involves a consideration of bookkeeping methods and accounts to an extent that is a little bewildering to one not especially versed in the science of accountancy. However, if we understand the matter correctly, appellants make two leading contentions, the first of which is that James McKinley Campbell had no right, as an administrator of the partnership estate of Campbell Brothers, to conduct the business of the estate. Whatever the law may be on this question it is not necessary here to determine, because the evidence shows that the appellants acquiesced in the administrator conducting the business, and they are, therefore, not in a position to complain.

The other contention is that, since the administrator had no right to conduct the business, he or his bondsman should be charged with all the disbursements made in connection therewith. Assuming that the administrator had no right to conduct the business, the appellants in this case are not in a position to complain of anything that happened prior to the written agreement above referred to, which was made on the 7th day of April, 1914. It was the evident purpose of that agreement to settle all controversies between the parties and avoid further litigation. This agreement is signed by all of the appellants. According to its terms, the administrator was to collect all bills and accounts receivable belonging to the estate and divide them as therein specified. The objections do not run to the amount of money received subsequent to the signing of the agreement, but to the disbursements made in the conduct of the business. Immediately or soon after the signing of the agreement, the property was divided according to its terms, and the further conduct of it as a partnership matter ceased.

There are two other contentions of the appellants which should be noticed. One is the claim that no proper vouchers were submitted with the account, and, therefore, the objections to it should be sustained. It is doubtless true that the canceled checks in evidence are not what the statute contemplates as a voucher. As already stated, James McKinley Campbell, the administrator of the partnership estate, had died prior to the filing of the account here involved. During the time that the partnership business was conducted by him, the books thereof were not kept in accordance with scientific bookkeeping methods. These books had been gone over by two expert accountants and a report prepared by each, both of which are in evidence. One report covers the time from September 10, 1912, to December 31, 1914, and the other from January 31, 1913, to March 31, 1915. The evidence shows the payments made and the purpose thereof. As was stated by the trial court:

"While a check is not technically a voucher, it is evidence of payment and the statements are all here. showing the party to whom it was paid and the purpose of the payment and I think they would be deemed competent proof and a sufficient account of the receipts and disbursements."

Apparently all the evidence available upon the condition of the accounts and purpose of the expenditures was offered and received, and, under the circumstances of the case, we think they were sufficient to support the account.

The other contention of the two last referred to is that the burden was not upon the objectors, but upon the executrix making the account. We do not understand the record to show that the judge before whom the case was tried ruled that the burden of proof was upon the objectors, but, however that may be, the evidence is all in the record and the cause is tried here *de novo*. Even if there were irregularity in the order of proof, that would not furnish a ground for reversal, if, upon the record as made, the conclusion upon the merits which the trial court reached was correct.

The appellants also complain that the trial judge did not permit them to go beyond the items covered in their objections and challenge the correctness of other items in the account. It is undoubtedly the duty of the trial judge, where an account of an executor or administrator is presented, to scrutinize the same and reject all items not properly therein, even though no specific objection should have been made. This case, however, came before the court upon a demurrer and motions, and, as above stated, the court sought to define the issues and thus expedite the trial. Having defined the issues, so far as it was possible, and the cause having proceeded to trial upon those issues, it was not an abuse of discretion for the trial court to refuse to allow the appellants to litigate items not comprehended in their objections. Error is assigned on the rulings of the trial court as to certain of the specific objections made to the account, but it seems unnecessary to pursue these here in detail. They have all been

considered, and, in our opinion, the trial judge correctly determined them.

The judgment will be affirmed.

Ellis, C. J., Chadwick, Morris, and Webster, JJ., concur.