(No. 5325.   January 3, 1929.)

IDAHO  GALENA  MINING  COMPANY, Plaintiff,  **v.**
JUDGE OF THE DISTRICT COURT, Defendant.

[273 Pac. 952.]

Walter H. Hanson, for Plaintiff.

H. J. Hull, for Defendant.

GIVENS, J.—The plaintiff seeks a writ of prohibition to restrain a district judge from enforcing an order requiring the plaintiff herein to produce its books, letters, files, etc., for the inspection of one Cosgrove, defendant in a criminal proceeding in Shoshone county.

The record discloses the following situation:

One Cosgrove was, after a preliminary examination, held for the district court to answer on a charge of criminal libel for utterances made with regard to one Kingsbury. After such preliminary hearing but before an information was filed, Cosgrove, by affidavit, set forth that in order to prepare his defense for such criminal charges (and to establish the truth—one of his defenses—of the alleged false and libelous statements) he would have to inspect the books, files, records, etc., of the plaintiff and certain other mining companies in order to secure the required information to show the dealings of Kingsbury in connection with the said companies and prove the truth of the alleged libelous statements.

The affidavit, in part, after setting forth the substance of certain of the alleged false and libelous statements and what affiant contended the records would show alleged that:

"It is necessary that affiant commence his examination of said books forthwith in order to properly prepare his defense to the charge of libel which has been made against him by the State of Idaho on the complaint of said Henry B. Kingsbury, and that in order to prove the truth of the statements which affiant is charged with having published, a complete inspection and examination of said books is necessary in order that the matters referred to in this affidavit may be segregated and set forth for the convenience of the Court and jury.

"Unless such examination is permitted affiant will be compelled to bring all of the records and files of said companies into Court at the time of his trial or (*sic*) *subpoena duces tecum* or other appropriate process and innumerable days will be consumed in inspecting and auditing said books in order to properly segregate and connect up the portions which relate to the averments herein contained and to said alleged libelous matter, and the time of the Court and jury and great expense to the County of Shoshone will be materially saved if inspection and examination of said books is permitted to affiant at this time.

"That an examination of said books and records at or during the trial will be wholly inadequate to permit affiant to properly prepare his defense to said charge and that he cannot properly prepare such defense except by an inspection of said books, records, and documents as herein requested."

With this affidavit as the basis, counsel for the defendant in the criminal action filed what was termed "motion for order of inspection and for *subpoena duces tecum*," asking that an order be made granting defendant and his counsel leave to inspect "all of the records, files, minute books, stock books, ledgers, books of account, cancelled checks, stubs, vouchers, and all other documentary proceedings and files of the" enumerating five separate mining companies,

and that a citation be issued and served on the mining companies to show cause why the order should not issue. Thereafter the court signed what was termed an "order for citation," requiring the companies to show cause why an order should not be made granting leave to the defendant and his counsel to inspect "all of the records, files, minute books, stock books, ledgers, books of account, cancelled checks, stubs, vouchers, and all other documentary proceedings and files of the said companies above named." It is to restrain the enforcement of the last order that the present action was instituted.

While the motion was denominated "motion for order of inspection and for *subpoena duces tecum*," it would appear from the affidavit that a *subpoena duces tecum* (C. S., secs. 7981, 9133) as such was not contemplated because the affidavit of Cosgrove stated that a *subpoena duces tecum* would not be adequate. It is likewise apparent that Cosgrove was not proceeding under C. S., secs. 7193, 7962, 8042, 8051–8063, or 9140–9151. By thus citing certain provisions of the Code of Civil Procedure, we do not imply or hold that they are or are not applicable to a criminal proceeding.

It must be, therefore, that Cosgrove was proceeding under the theory of a bill of discovery.

A bill of discovery is an equitable proceeding held applicable only to civil actions, Pomeroy on Equity Jurisprudence, 4th ed., sec. 197; 18 C. J. 1059, and, so far as this controversy goes, restricted to the inspection of documents in the possession of the adverse party, and in the case of corporations, their officers and agents. (*Johnson Steel Co. v. North Branch Steel Co.*, 48 Fed. 196; *Terrell v. Southern Ry. Co.*, 164 Ala. 423, 51 So. 254, 20 Ann. Cas. 901, and note; *American Security Co. v. Brooks*, 225 Mass. 500, 114 N. E. 732; *Murdock v. McCutchen*, 154 App. Div. 854, 140 N. Y. Supp. 41; *Elder v. Carter*, 9 Eng. Rul. Cas. 560; Story's Equity Jurisprudence, 14th ed., sec. 1947; Bispham's Principles of Equity, 7th ed., sec. 566; 9 R. C. L. 170; 18 C. J. 1119.)

Numerous statutes have been passed in many states authorizing what Cosgrove sought. Pomeroy on Equity Jurisprudence, 4th ed., secs. 193, 209. We have no such statute. No authority existed at common law for the court's action herein. (Wigmore on Evidence, sec. 1857 et seq.; Fletcher on Equity Pleading and Practice, sec. 804 et seq.; Story's Equity Jurisprudence, secs. 1931, 1942; Bispham's Principles of Equity, sec. 556 et seq.)

The cases and authorities cited by defendant deal only with *subpoenas duces tecum* or bills of discovery in civil cases. (*Wilson v. United States*, 221 U. S. 361, Ann. Cas. 1912D, 558, 31 Sup. Ct. 538, 55 L. ed. 771; *Johnson Steel Co. v. North Branch Steel Co., supra; McElree v. Darlington*, 187 Pa. St. 593, 67 Am. St. 592, 41 Atl. 456; *State ex rel., etc., v. Superior Court*, 109 Wash. 634, 9 A. L. R. 157, 187 Pac. 358.) No authority has been called to our attention authorizing the action sought in a criminal proceeding.

The writ heretofore issued is made permanent.

Wm. E. Lee, C. J., Budge and Taylor, JJ., and Hartson, D. J., concur.