### McINTOSH v. BOARD OF COM'RS OF McINTOSH COUNTY et al.

No. 26385.　April 13, 1937.

Charles R. Freeman, for plaintiff in error.

Roy White, County Atty., and J. G. Harley, Asst. County Atty., for defendants in error.

HURST, J. The property involved in this action originally belonged to Fannie McIntosh. It was sold for taxes and bid off in the name of the county, and afterwards sold at resale and a deed issued and delivered to the chairman of the board of county commissioners on May 2, 1930. The court appointed a receiver to rent the property and take charge of it, but the record does not disclose the grounds for the appointment. The receiver took possession of the property on behalf of the county and collected rents amounting to $1,355.35. He also collected $1,750 on a fire insurance policy when part of the property was destroyed by fire. The total sum thus collected was $3,105.35, and it was turned over to the court clerk by order of the court.

On July 18, 1934, Fannie McIntosh began an action against the board of county commissioners in which she alleged that the resale tax deed under which the county claimed title was void, and prayed that it be canceled. She also alleged that the money collected by the receiver rightfully belonged to her and should be applied to the payment of the taxes with the remainder awarded to her. The board of county commissioners filed an answer in which they alleged that the county is the owner of the property under a valid tax deed, and that the plaintiff's cause of action was barred by the statute of limitations. The court rendered judgment on November 14, 1934, in favor of the defendants, holding that the tax deed was valid and that all the money collected by the receiver, both from rents and the insurance policy, was the property of the county.

The plaintiff took no appeal from this judgment, but on March 22, 1935, during the succeeding term of court, she filed a second petition in the same case, without leave of the court. In this petition she alleged, in substance, that the county, through its receiver, had collected the sums of money above referred to; that she has the right to redeem the property by paying the taxes and is entitled to the money collected by the receiver, and makes a tender by asking that the taxes be first deducted from this sum before paying it to her. The defendants filed a demurrer on three grounds: (1) That the petition failed to state a cause of action; (2) that the allegations of the petition are res adjudicata; and (3) that the court had no jurisdiction of the subject matter. The former judgment and all the records of that case were made a part of this demurrer by reference. The court sustained the demurrer, and plaintiff, electing to stand on it, has appealed to this court.

The only contest is over the money collected by the receiver, and the first question is whether the former judgment is a bar to this action. It is well settled that a judgment is conclusive in a second suit upon the same cause of action and between the same parties as to every question which was or might have been presented and determined in the first suit. Defendants cite Sartin v. Hughen (1932) 154 Okla. 155, 7 P. (2d) 151. Cases to this effect are legion, and this rule is not disputed by plaintiff. But she contends that the court had no right or authority under the pleadings to determine the issue of the right to the money collected, for the reason that this issue was not before the court, and therefore any holding in this connection was dictum. We cannot agree with plaintiff's contention. In the first suit, two issues were made up by the pleadings: (1) Was the tax deed valid? (2) Who was entitled to the money collected by the receiver? These were both decided adversely to plaintiff. In the second petition, plaintiff admitted that the county holds title to the property, but claims that she is entitled to the money collected by the receiver and has the right to redeem the property with this money. The court will take judicial notice of its own records, and therefore the pleadings first filed in this case were before the court on the demurrer to the second petition. Marland Refining Co. v. Snider (1927) 125 Okla. 260, 257 P. 797. The right to the money was clearly an issue in the former case, and that judgment is conclusive and is a bar to the present action.

Although plaintiff is not entitled to any of the money involved in the action, yet under section 7. chapter 14, S. L. 1933, and under art. 16, chapter 66, S. L. 1935, she is entitled to redeem the property by payment of the sums therein specified. The judgment is affirmed.

OSBORN, C. J., and RILEY, PHELPS, and CORN, JJ., concur.