In the Matter of the Estate of JOSEPH MARTINIANO, Deceased.

Surrogate's Court, Kings County, November 6, 1939.

*Jerome Lederman,* for Ralph Scotto, as executor, etc., petitioner.

*Rao, Liggio & Cannella* [*John M. Canella* of counsel], for Angelina Sala, legatee, objectant.

*John M. Cannella,* special guardian for Annie Martiniano, infant legatee.

WINGATE, S. The material facts were conceded on the record and have further been clarified by a statement of facts filed on behalf of the accountant which is construable as a record admission.

As thus demonstrated, it appears that the decedent and the accountant were copartners in a banking business, his interest in this enterprise constituting the decedent's chief, if not, indeed, his sole asset.

The accountant duly qualified as an executor, and thereafter, pursuant to consultations with his coexecutor and the widow, the value of the decedent's interest in the business was fixed, and the accountant, in settlement thereof, paid over to the widow the amount of this agreed figure in the form of securities valued at between $20,000 and $25,000.

It is his contention that this payment was made by him in his individual capacity and not as a fiduciary of the estate, and that he never received any assets of the estate in the latter capacity. This position is legally untenable.

Section 203 of the Surrogate's Court Act provides that " The naming of a person executor in a will does not operate as a discharge or bequest of any just claim due or to become due which the testator had against him; but it must be included among the credits and effects of the deceased in the inventory, and the executor shall be liable for the same as for so much money in his hands at the time the debt or demand becomes due, and he must apply and distribute the same in the payment of debts and legacies, and among the next of kin as part of the personal property of the deceased."

This has been the law in substance since the days of the Revised Statutes (R. S. pt. 2, chap. 6, tit. 3, § 13 [2 R. S. 84]) and has continuously been applied during the intervening one hundred and eleven years. (*Baucus* v. *Stover*, 89 N. Y. 1, 4; *Matter of Ablowich*, 118 App. Div. 626, 631; *Matter of Phetteplace*, 6 N. Y. Supp. [2d] 845, 849, not otherwise reported.)

At the death of the testator, the executors received as the main, if not, as asserted, the sole asset of the estate, a chose in action, to recover so much from the firm as might be shown to be due upon an accounting. (*Matter of Dumarest*, 146 Misc. 442, 443.) This demand was liquidated by agreement at upwards of $20,000, and upon such liquidation, the present accountant, by operation of law, became charged with this sum, in his capacity as executor.

By his own voluntary act, he paid it to the widow in its entirety, despite the fact that her rights therein were postponed to those of the general legatees who are now complaining because of the failure of satisfaction of their rightful demands. So far as they are concerned, this diversion of the assets of the estate was just as wrongful as if the executor had himself embezzled it.

Since the executor admittedly had in his hands, and wrongfully expended, a sum in excess of that necessary to satisfy the legacy

under the second item of the will and to pay the administration expenses, he must be surcharged in an amount sufficient to make good these amounts.

The legacy under item " second " of 26,000 lire is in substance one of " a commodity," in like manner as if it had been one of corporate stock (*Matter of Lendle*, 250 N. Y. 502, 505), and is to be satisfied in lire " which pass as such in the market at the time the legacies are paid." (*Matter of Lendle*, 250 N. Y. 502, 507.)

Enter decree on notice in conformity herewith.