McCLEARY, Adm'r, v. BROWN.

No. 29595.    Dec. 2, 1941.

*119 P. 2d 830.*

C. B. Memminger, of Atoka, for plaintiff in error.

I. L. Cook, of Atoka, for defendant in error.

HURST, J. This is an action by plaintiff, J. H. Brown, against defendant, J. L. McCleary, administrator of the estate of C. A. Brown, for an accounting for the value of a one-half interest in certain cattle sold by the administrator as property of the estate of C. A. Brown. From a judgment for plaintiff for $1,037.48, defendant appeals.

The facts necessary to an understanding of the questions presented are somewhat involved. J. H. Brown and C. A. Brown were brothers, and in the lifetime of C. A. Brown owned as partners some 72 head of cattle, each owning a one-half interest. C. A. Brown died on May 6, 1936, and defendant McCleary was appointed administrator of his estate on May 25, 1936. At that time J. H. Brown was physically disabled, and the cattle were in a pasture leased by C. A. Brown, and in which were a considerable number of other cattle owned by C. A. Brown. All these cattle were being looked after by a son of J. H. Brown. Shortly after his appointment defendant demanded possession of all the cattle, and they were turned over to him without protest. J. H. Brown made no claim as surviving partner to any right to the cattle, which had then increased in number to 102. On June 15, 1936, J. H. Brown filed in the county court an application for an order directing the administrator to deliver to him 300 head of cattle, which included the partnership herd, claiming to be the owner by virtue of a bill of sale from C. A. Brown. On June 16th, before the application was passed upon, J. H. Brown filed a replevin action for recovery of the 300 head of cattle, claiming to be sole owner of them under the bill of sale. This action was

tried on December 15, 1936, and verdict rendered for the administrator.

On January 5, 1937, after the determination of the replevin action, plaintiff filed in the county court an application to require the administrator to deliver to him his one-half of the partnership cattle, alleging that the property was susceptible of equitable division, and that there was no necessity for the sale thereof. On March 30, 1937, the county court denied both applications (the one filed June 15, 1936, and the one filed January 5, 1937) for the reason that it had no jurisdiction to determine the questions involved.

On June 13, 1936, just prior to the filing of the replevin action, defendant McCleary, as administrator, filed in the county court a petition for the sale of 150 head of cattle, which included those belonging to the partnership. This petition was not acted upon by the county court pending the determination of the replevin action, but on January 21, 1937, the county court ordered a sale of the cattle, and they were sold and the sale was confirmed on February 4, 1937. Plaintiff made no objection to the sale, nor did he oppose the petition for sale filed by defendant. At the sale the cattle brought $17.83 per head, which the evidence shows was their reasonable market value at that time. The trial court allowed plaintiff $30 per head, which he found was the value of the cattle. There was no evidence of such value at the time of sale, but there was evidence that their reasonable value when defendant took possession of them was $30.

1. Defendant first contends that the judgment in the replevin action was res judicata of any right, title, or interest plaintiff had in the cattle, on the ground that the question of title was involved in that action, and plaintiff failed to assert his partnership interest. This argument is based upon the rule that a judgment is res judicata of all questions which were or might have been presented in the action when the two actions involve the same cause of action. Prince v. Gosnell, 47 Okla. 570, 149 P. 1162; McIntosh v. Board of Com'rs, 179 Okla. 610, 67 P. 2d 10. But while it is true that the title of plaintiff to his interest in the partnership cattle could have been litigated in the replevin action, it is clear that his interest in these cattle was at all times recognized by defendant, so that no dispute as to that interest existed between the parties. The replevin action was brought to establish plaintiff's ownership of the one-half interest of C. A. Brown in the partnership cattle, and title to the other property described in the bill of sale which plaintiff claimed had been made by C. A. Brown, and for no other purpose. Under such circumstances, we hold that the judgment in that case did not bar the subsequent assertion by plaintiff in this action, involving another and different cause of action, of his interest in the partnership cattle.

2. Defendant next contends that where plaintiff fails and refuses to assert his right or perform his duty as surviving partner, but permits the administrator of the deceased partner to take possession, and dispose, of the partnership property, the surviving partner may not hold the estate of the deceased partner liable for any loss sustained by him by reason of such sale, but will be deemed to have waived his rights as such surviving partner, and to have acquiesced in the possession and sale of the property by the administrator. While waiver and estoppel are not specially pleaded, the facts giving rise to such defenses are alleged, and this is sufficient to entitle defendant to the benefit of the defenses. Daniel v. Pappas, 93 Okla. 165, 220 P. 355; Clark v. National Aid Life Ass'n, 177 Okla. 137, 57 P. 2d 832.

By our statute (section 11661, O. S. 1931, 54 O.S.A. § 54) the surviving partner succeeds to all the partnership property, in trust, for the purpose of liquidation. His right to possession for this purpose is exclusive. 47 C. J. 1045; 20 R.C.L. 995. The defendant had no right to interfere so long as plaintiff was prosecuting the business of closing up the affairs of the partnership. 20 R.C.L. 996. If plaintiff had failed to prosecute

such business, defendant could have applied to a court of equity for a receiver to take charge of the property and proceed with the liquidation. 47 C. J. 1049. Only in this manner may the surviving partner be deprived of his right to the partnership property against his will. 47 C. J. 1049.

But in the present case it appears that the surviving partner voluntarily surrendered the partnership property to the defendant, and then asserted his sole ownership thereof in the replevin action. Therein he claimed the right of possession upon the sole ground that by the bill of sale he became the exclusive owner of the property. He took no steps to liquidate the partnership, but in effect denied its existence. The delay in the sale of the cattle, and the resulting loss due to reduction of value, could have been avoided by plaintiff's performance of his duty as surviving partner, and he should not be permitted to shift the loss to the estate, and escape bearing his proportionate part thereof. The sale was necessary to prevent a further loss. Delay to assert a known right may operate as an estoppel. 10 R.C.L. 694; 19 Am. Jur. 669. Plaintiff at no time claimed his right of possession as surviving partner, although the replevin action was decided December 15, 1936, and the order for the sale of the cattle was not made until January 21, 1937. By permitting defendant to take possession of and sell the partnership property, without asserting his rights as surviving partner, he waived his rights as surviving partner or estopped himself from asserting such rights. In re Campbell's Estate, 98 Wash. 295, 167 P. 905; Pomeroy's Equity Juris. (4th Ed.) §§ 805, 817. See, also, 121 A.L.R. 856. A waiver is the voluntary and intentional relinquishment of a known right. Continental Insurance Co. v. Portwood, 184 Okla. 22, 84 P. 2d 435; Ketcham v. Oil Field Supply Co., 99 Okla. 201, 226 P. 93; Farris v. Commercial Union Fire Ins. Co., 176 Okla. 331, 55 P. 2d 432. We hold that plaintiff by his conduct waived his right as surviving partner, and cannot now be heard to complain that defendant's acts, done with his full knowledge and consent, resulted in loss to him. Plaintiff could not by his conduct lead defendant to believe that, as surviving partner, he fully acquiesced in the possession and sale of the property by defendant, and then in a court of equity mulct defendant for a loss sustained by him on the ground that the sale by defendant was unauthorized. Fipps v. Stidham, 174 Okla. 473, 50 P. 2d 680; In re Drumright State Bank, 170 Okla. 480, 40 P. 2d 1059.

Nor did the fact that the county court was without jurisdiction to order the sale of the partnership property, if under the peculiar circumstances of this case it lacked such jurisdiction, alter the situation, or render the administrator liable. If the county court was without jurisdiction, defendant was in the same position as if he had made the sale without any authority other than the consent of plaintiff, and the rules of waiver would apply with equal force. If defendant had sold the property without seeking authority from the county court, but with the knowledge and acquiescence of plaintiff, plaintiff could not complain, in the absence of a showing of fraud or bad faith on the part of the defendant, and there is no intimation of either. We think that, by reason of his conduct and his failure to assert his rights as surviving partner, plaintiff is entitled only to his proportion of the proceeds of the sale, less his admitted liabilities to the estate of C. A. Brown. One-half of the sale price is $909.33. The admitted or undisputed liabilities amount to $492.53. The balance is $416.81, for which amount the trial court should have rendered judgment for plaintiff.

3. Defendant contends that the trial court erred in not rendering judgment in his favor, and against plaintiff for damages due to the delay in selling the cattle, which delay was caused by the acts of plaintiff. While there is evidence that the market price of cattle was considerably higher when the replevin action was filed than it was when the cattle were finally sold by the administrator, there was no evidence that

plaintiff was actuated by bad faith or other improper motives in bringing the action, but it appears that such action was brought to establish his ownership of all the cattle and other property under a bill of sale which he claimed had been made by his brother, C. A. Brown. In that case defendant was appointed receiver of the property involved, and filed in said cause an application to sell the cattle, which application the court denied. Therefore, the loss sustained was not due solely to the acts of plaintiff, but was in some measure occasioned by the action of the court.

In the present case the trial court, by agreement of the parties, submitted to a jury certain interrogatories, in one of which the jury was required to state whether or not plaintiff "was entitled to pay damages to defendant for the delay in the sale of the cattle caused by his replevin suit." The jury unanimously answered this interrogatory "No," and the trial court approved this finding. We do not think the trial court erred in so doing. While the law makes the surviving partner liable for losses due to his neglect or delay in the liquidation of the partnership affairs, it does not penalize him when the delay is caused by an effort in good faith to establish his title thereto. But in such case, as said above, he must bear his proportionate share of the resulting loss.

The judgment is modified by reducing it to $416.81, with interest from February 8, 1939, at 6 per cent per annum, and costs, and as so modified is affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY and OSBORN, JJ., concur. BAYLESS, GIBSON, DAVISON, and ARNOLD, JJ., dissent.

---

ARNOLD, J. (dissenting). The majority opinion seems to be based essentially upon the fact that the surviving partner, J. H. Brown, made no protest to the taking of the partnership cattle by the administrator of C. A. Brown, deceased, or else that he did not follow a proper remedy to prevent the taking thereof.

I think the facts in this case show clearly that the surviving partner was, at all times, apparently in every way known to him, protesting the taking of the partnership cattle. With reference to the facts pertinent to the issues in this case, it should be noted that at the time the administrator was appointed the surviving partner, J. H. Brown, was disabled and confined to his home part of the time by reason of a leg amputation; that the son of the surviving partner was looking after the cattle; that the administrator went to the pasture, where the partners had for a long time kept the cattle, and took them out of the actual possession of the son of the surviving partner; that the administrator admits that after he was appointed, he went to see J. H. Brown, and was advised by him that he did not want any of the cattle sold.

There is nothing in the record to show that any demand was made by the administrator on the surviving partner to settle the partnership affairs after the death of C. A. Brown. Of course, when C. A. Brown died, the right to possession of the partnership cattle immediately vested in the surviving partner to the exclusion of all others. Under section 11661, O. S. 1931, 54 Okla. St. Ann. § 54, the surviving partner was entitled to possession and duty bound to settle the partnership estate.

As soon as J. H. Brown, the surviving partner, was able, he brought an action in replevin for all of the cattle, to wit, 300 head. The partnership part of these 300 head of cattle had by this time increased to 102 head. It is true J. H. Brown brought the replevin action claiming to be the owner of not only the partnership cattle, but the other cattle as well, on the theory that he was the outright owner of all the cattle by reason of a bill of sale which he possessed, allegedly signed by C. A. Brown, his brother, during his lifetime. It is also true that in the replevin action he did not alternatively, or in any manner, plead ownership or right of possession of the partnership part of the entire herd by reason of the partnership relation. Before he filed his replevin action he

filed an application with the county court on June 15, 1936, asking it to direct the administrator to deliver to him the entire herd. After the replevin action was determined by the district court, the surviving partner made another application to the county court; this time he asked the county court to order a division of the partnership cattle and to direct the administrator to deliver to him his share of the cattle. On March 30, 1937, the county court found it did not have jurisdiction to determine the matters and things alleged in the application of June 15, 1936, and January 5, 1937, and, therefore, denied both.

In connection with all these facts and circumstances it should be borne in mind that the administrator in his original inventory set forth the fact that the estate owned an undivided one-half interest in the 72 head of cattle and their increase. I feel that all of these facts and circumstances unmistakably indicate that the surviving partner, J. H. Brown, though he may have at times misconceived his remedy and may have protested improperly, was at all times attempting to assert not only his ownership, but his rights and statutory duties as surviving partner. This being true, the statement in the majority opinion with regard to the attitude of the surviving partner with reference to possession of the cattle, "they were turned over to him without protest," is incorrect. He was the outright owner of an undivided one-half interest in the partnership cattle; he had the right to possession of the partnership cattle; and it was his duty under the statutes of this state, as surviving partner, to administer the partnership estate. See section 11661, O. S. 1931, 54 Okla. St. Ann. § 54; sec. 1197, O. S. 1931, 58 Okla. St. Ann. § 255. The administrator of C. A. Brown had no authority as such to sell the partnership cattle; the county court was without authority to direct the sale of them; the acts of said administrator, as to the partnership cattle, were wrongful; and the trial court correctly held in this case, which is an accounting suit, that J. H. Brown was entitled to his portion of the market value of the partnership cattle.

The administrator and county court misconceived the manner in which they should have proceeded to require a settlement of the partnership affairs, if they thought the surviving partner was not performing his duty under the statutes. The procedure therefor is specifically provided by section 1197, O. S. 1931, 58 Okla. St. Ann. § 255. The administrator did not attempt in any manner to comply with or avail himself of such procedure. Compliance therewith would have fully protected the estate of the deceased partner.

Judgment of the trial court should be affirmed.