■ ARTHUR J. DUGAN, Respondent, v. VINCENT G. LANE, Appellant.— In an action on a promissory note payable on demand, the appeal is from a judgment entered after trial before the court without a jury in favor of respondent, the payee, and against appellant, an accommodation indorser. Appellant contends he was discharged from liability because the note in suit had not been presented for payment within a reasonable time, because the time for payment thereof had been varied without his concurrence therein, and because timely notice of dishonor was not given to him. Judgment unanimously affirmed, with costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.

■ HYMAN FREIMAN et al., Appellants, v. LONG ISLAND LIGHTING COMPANY et al., Respondents.— Action by the individual appellant, the president and sole stockholder of the corporate appellant, to recover damages for personal injuries and by the corporate plaintiff to recover damages for injury to its automobile. The appeal is by permission of this court from an order of the Appellate Term reversing a judgment of the City Court of the City of New York, County of Queens, in favor of appellants, and dismissing the complaint. The order of the Appellate Term was made on the grounds that the individual appellant was guilty of contributory negligence and that the rule in *Mills* v. *Gabriel* (259 App. Div. 60, affd. 284 N. Y. 755) was not applicable to the cause of action of the corporate appellant. Order affirmed, with costs. No opinion. Wenzel, Acting P. J., Murphy and Hallinan, JJ., concur; Beldock and Kleinfeld, JJ., dissent and vote to reverse the order and to reinstate the judgment of the City Court, with the following memorandum: In our opinion, it may not be said that the individual appellant was guilty of contributory negligence as a matter of law because, in awarding judgment for appellants, the trial court was free to find that (1) the individual appellant stopped before entering the intersection, looked, and proceeded slowly into the intersection; (2) he had the right of way, and (3) he was almost across the intersection when the accident happened and, if respondents' truck had been on the right side of the street, the accident would not have happened. [See *post*, p. 985.]

■ ABRAHAM B. GOLDSTEIN, Respondent, v. WALTER KAYE, as Executor of SAMUEL H. WEINER, Deceased, Appellant.— In an action against the executor of a deceased partner of a former partnership to recover salary and commissions under a contract of employment and to recover damages for the breach thereof, the executor appeals from an order granting a motion for a discovery and inspection of the books and records of the former partnership. Order reversed, with $10 costs and disbursements, and motion denied. In our opinion appellant as executor of the deceased partner did not have the books and records of the partnership under his control. Upon the death of a partner the right to specific partnership property vests in the surviving partner. (Partnership Law, § 51, subd. 2, par. [d]; *Josephberg* v. *Cavallero*, 262 App. Div. 1; *Williams* v. *Whedon*, 109 N. Y. 333; *Murdock* v. *McCutchen*, 154 App. Div. 854.) Moreover, books and records not in possession or control of a party are not subject to a discovery and inspection. (*Murdock* v. *McCutchen*, supra.) Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.