Emanuel M. VIRSHUP, Trustee in Bankruptcy of Teddy Kaye, Bankrupt, Petitioner-Appellant,

v.

INDUSTRIAL BANK OF COMMERCE, Respondent-Appellee.

No. 23, Docket 25583.

United States Court of Appeals Second Circuit.

Argued Oct. 16, 1959.

Decided Nov. 27, 1959.

**44**

Sam H. Lipson, New York City (Isidor E. Leinwand, New York City, on the brief), for petitioner-appellant.

Robert Ohnemus, New York City (John J. Dwyer, New York City, on the brief), for respondent-appellee.

Before CLARK, Chief Judge, MOORE, Circuit Judge, and J. JOSEPH SMITH, District Judge.

CLARK, Chief Judge.

The trustee in bankruptcy of Teddy Kaye appeals from the denial of his petition for a turnover order to recover two cars repossessed from Kaye by the respondent Bank under a claim of right on conditional bills of sale defectively recorded. The referee dismissed the petition, and the district court confirmed his order. Kaye was a partner with his uncle William Kakoshka in the business of manufacturing aluminum awnings under the firm name of Besco Manufacturers & Distributors Co., at Yonkers, New York. In 1955 the partnership bought the two cars in issue, giving in return conditional bills of sale now owned by the Bank. These contracts were filed only with the Clerk of Westchester County, where the partnership had its place of business, and not in the counties of Bronx and Queens, where the respective partners resided, as the statute also requires. N.Y. Personal Property Law, McK.Consol.Laws, c. 41, §§ 65, 66. Kakoshka died in March 1956. On May 2, 1956, Kaye filed a voluntary petition in bankruptcy and was adjudicated bankrupt the same day. On May 10, 1956, the Bank repossessed the two cars. The trustee was appointed and qualified on May 16, 1956, and filed this petition shortly thereafter. By stipulation the cars have now been sold and the proceeds of $3,513.50 substituted therefor to await the outcome here.

It appears to be common ground that the Bank's claim cannot prevail against the *vendee's* trustee in bankruptcy in view of the defective filing of the conditional sales contract. Many cases so hold, e. g., Empire State Chair Co. v. Beldock, 2 Cir., 140 F.2d 587, certiorari denied 322 U.S. 760, 64 S.Ct. 1278, 88 L.Ed. 1587; Hoffman v. Cream-O-Products, 2 Cir., 180 F.2d 649, certiorari denied 340 U.S. 815, 71 S.Ct. 44, 95 L.Ed. 599; Constance v. Harvey, 2 Cir., 215 F.2d 571, certiorari denied 348 U.S. 913, 75 S.Ct. 294, 99 L.Ed. 716. But since the automobiles were sold to the partnership, the Bank claims, and the referee and the district court have held, that this position of ideal secured creditor cannot be accorded Kaye's trustee, but only a trustee for the partnership, which, however, has not been adjudicated bankrupt. In this we think there is clear error, for the contrary appears settled by precedent and statute.

When Kaye's partner died some two months before Kaye's bankruptcy, the right of the partnership in these cars vested in the survivor (Kaye) as legal owner. This well-settled principle, see, e. g., Williams v. Whedon, 109 N.Y. 333, 16 N.E. 365; Goldstein v. Kaye, 2 A.D. 2d 889, 156 N.Y.S.2d 238, is expressly codified in the Uniform Partnership Act § 25, enacted as N.Y. Partnership Law, McK.Consol.Laws, c. 39, § 51(d).[1] So clear is this that the surviving partner is the only proper party in actions as to specific property, and the deceased's partner's representative has no legal interest

---

[1] "On the death of a partner his right in specific partnership property vests in the surviving partner or partners, except where the deceased was the last surviving partner, when his right in such property vests in his legal representative. Such surviving partner or partners, or the legal representative of the last surviving partner, has no right to possess the partnership property for any but a partnership purpose."

in the assets. See cases cited above, also cases such as Gallotti v. Continental Ins. Co., 152 Misc. 351, 273 N.Y.S. 29, affirmed 241 App.Div. 804, 270 N.Y.S. 930, and In re Martiniano's Estate, 172 Misc. 376, 15 N.Y.S.2d 285.

 So the Bankruptcy Court acquires jurisdiction of the former partnership property on adjudication of the survivor. This has been often held; thus see In re Stringer, D.C.E.D.N.Y., 234 F. 454, affirmed 2 Cir., 253 F. 352; In re Pierce, D.C.Wash., 102 F. 977; In re Salladay, D.C.E.D.Ill., 22 F.2d 300 (and cases cited); In re Dunn, D.C.E.D.N.Y., 53 F.2d 516; 1 Collier on Bankruptcy 700 (14th Ed. 1940). Further documentation is easily available. See, e. g., McClennen v. C.I.R., 1 Cir., 131 F.2d 165, 144 A.L.R. 1127; Goldberg v. Goldberg, 375 Pa. 78, 99 A.2d 474, 39 A.L.R.2d 1359; McCleary v. Brown, 190 Okl. 19, 119 P.2d 830, 137 A.L.R. 1018, 1024. Since some cases have noted that the action taken in bankruptcy is with the consent of the deceased's administrator, the trustee here took the extra, if superfluous, precaution of obtaining that consent. The objection based on the contention that the Bank has the "legal title" has no validity, since obviously the conditional vendees retained a valuable beneficial interest in the cars, which has now passed to petitioner. And the statute (quoted in note 1 supra) is of course fully satisfied, because he will hold the proceeds for proper marshaling for partnership debts. The summary proceeding by way of turnover order is appropriate, since the cars were removed from the bankrupt's possession after the bankruptcy. Bankruptcy Act § 70, subs. a and c, 11 U.S.C. § 110, subs. a and c; Lockhart v. Garden City Bank & Trust Co., 2 Cir., 116 F.2d 658; 2 Collier on Bankruptcy 463, 533, and cases cited (14th Ed. 1940).

The order below is therefore reversed and the proceeding is remanded with the direction that the trustee's petition be granted.