## SARTIN v. HUGHEN.

No. 21786.   Opinion Filed Jan. 19, 1932.

Bishop & Banta, for plaintiff in error.

Blanton, Osborn & Curtis, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Cleveland county in favor of the defendant in error, plaintiff in the trial court, against the plaintiff in error, defendant in the trial court. Hereinafter the parties will be referred to as they appeared in the trial court.

The plaintiff in his petition prayed judgment against the defendant on six causes of action, and the defendant in his cross-petition prayed judgment against the plaintiff on two causes of action. The controversy grew out of a contract between the

plaintiff and the defendant wherein the defendant agreed to convey to the plaintiff certain improved real estate in the town of Davenport, Okla., and certain improved real estate in the city of Norman, Okla., and the plaintiff agreed to convey to the defendant a tract of farm land in Custer county, Okla.

Judgment was rendered for the defendant on the first and second causes of action in the cross-petition. The plaintiff did not appeal. The defendant admits the correctness of the judgment rendered on the fourth cause of action in the petition. There is presented for consideration here the judgment on the third, fifth, and sixth causes of action.

The third cause of action involved an amount paid by the plaintiff for taxes on the property conveyed to the plaintiff by the defendant, which the plaintiff claims should have been paid by the defendant. The fifth cause of action involved an amount which the plaintiff contends was lost and an amount which the plaintiff contends was paid out as attorneys' fees by reason of certain receivership proceedings involving the property conveyed by the defendant to the plaintiff. The defense of the defendant to those causes of action was that the question therein involved had been litigated between the same parties in another action. In support of the defense the defendant cites McDuffie v. Geiser Mfg. Co., 41 Okla. 488, 138 P. 1029, wherein this court held:

"A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a court of competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the parties to that action, and persons in privity with them, and cannot be again litigated in any future action between such parties or privies, in the same court, or in any other court of concurrent jurisdiction, upon the same or a different cause of action."

Fooshee v. Craig, 110 Okla. 189, 237 P. 78, wherein this court held:

"A judgment or decree upon the merits is conclusive between the parties, and those in privity with them, and the facts thus established can never thereafter be contested between them, even upon a different cause of action; and where the subsequent action is upon the same cause of action, not only the facts thus adjudicated are concluded, but all the material facts, which might have been presented as constituting the claim or defense, are concluded between the same parties or their privies."

And Miller v. Madigan, 90 Okla. 17, 215 P. 742, wherein this court held:

"In determining what issues have become res adjudicata, the inquiry is not limited to the formal judgment, it extends to the judgment roll, including the pleadings, the verdict, or the findings, and the full scope and meaning of the judgment is often determined by the pleadings, verdict, or findings."

We do not think that those authorities are decisive of the issue presented by this record. Those issues are subject to the rule stated in Springfield Gas & Electric Co. v. Fraternity Bldg. Co. (Mo. App.) 264 S. W. 429, wherein that could held:

"When defendant did not appear on the trial day, the court when rendering judgment for plaintiff on its cause of action should have dismissed the counterclaim for failure to prosecute"

—and said:

"The defendant did not appear on the trial day, and when the court rendered judgment for plaintiff on its cause of action, it should have dismissed the counterclaim for failure to prosecute. Kelerher & Little v. Henderson, 203 Mo. 498, 101 S. W. 1083."

In Merchants H. & L. Co. v. Clow & Sons, 204 U. S. 286, 51 L. Ed. 488, the Supreme Court of the United States, in discussing the nature of a set-off or counterclaim, said:

"But by setting up its counterclaim, the defendant became a plaintiff in its turn, invoked the jurisdiction of the court in the same action, and, by invoking, submitted to it. It is true that the counterclaim seems to have arisen wholly out of the same transaction that the plaintiff sued upon, and so to have been in recoupment rather than in set-off proper. But, even at common law, since the doctrine has been developed, a demand in recoupment is recognized as a cross-demand, as distinguished from a defense. * * *"

We think the proper rule as to res adjudicata is laid down in Oklahoma Moline Plow Co. v. Smith, 81 Okla. 61, 196 P. 962, wherein this court held:

"A judgment is conclusive in a second suit upon the same cause of action and between the same parties as to every question which was or might have been presented and determined in the first suit; but when the second suit is upon a different cause of action, though between the same parties, the judgment in the first suit operates as an estoppel only as to the point or question actually litigated and determined, and not as to other matters which might have been litigated and determined."

This exact rule of law was announced in the case of Eleanor Nesbitt v. Independent District of Riverside, 144 U. S. 610, 36 L.

Ed. 562. It is also found in 15 R. C. L., page 973.

The adjudication relied upon by the defendant was in the district court of Lincoln county. Therein one Patterson sought to foreclose a real estate mortgage as against the plaintiff and defendant in this action as defendants in that action. In the action in the district court of Lincoln county the defendant herein sought to foreclose a second mortgage against the plaintiff herein, and the plaintiff herein, as a counterclaim, pleaded the claims set forth in this action in the third and fifth causes of action. The plaintiff herein did not appear at the trial of that action and was by that court adjudged in default, and judgment was rendered in favor of the defendant herein against the plaintiff herein in that action. There was no evidence offered relative to the counterclaim of the plaintiff herein, and the counterclaim of the plaintiff herein was not considered by that court in that cause.

We must conclude that the matters set up in the third and fifth causes of action in the plaintiff's petition herein have not been heretofore adjudicated, and that the trial court did not err in submitting those issues to the jury and in rendering judgment in conformity to the verdict of the jury.

The defendant contends that the verdict of the jury as to the sixth cause of action and the judgment based thereon were not supported by any evidence and that they are contrary to law. That cause of action involved a sum of $60 paid out by the plaintiff for costs and attorneys' fees in an action wherein Fischer & Son sought to foreclose a mechanic's lien against the Norman property conveyed by the defendant to the plaintiff. The record shows that the defendant had contracted with Fischer & Son for improvements on the property and that the defendant did not disclose to the plaintiff the existence of the lien claim of Fischer & Son. The defendant had refused to pay Fischer & Son for the improvements made by them and they filed a suit to establish their lien and to foreclose the same. The plaintiff wrote the defendant informing him of the filing of the suit and asking him to defend the suit, but the defendant did not reply to that request. On the last day for the plaintiff to answer, the plaintiff employed an attorney to file an answer therein for him. The defendant filed a demurrer for himself and the defendant thereafter filed an answer for himself, but he at no time made any defense for the plaintiff. On the day set for the trial, the plaintiff appeared with his attorney to defend the action, and the defendant appeared and either paid off or settled the claim of Fischer & Son in some manner, and the suit was dismissed.

The defendant contends that the plaintiff is not entitled to recover any money expended by him for costs and attorneys' fees in defending the action against him by Fischer & Son. In support of that contention he cites Eysenbach v. Naharkey, 110 Okla. 207, 236 P. 619, wherein this court held:

"Where an action is brought against a grantee to recover real estate conveyed to him by warranty deed, and the warrantor retains eminent and able counsel and comes in and defends, it is error for the court to render judgment in favor of the warrantee against the warrantor for attorney's fees paid to additional counsel employed exclusively by the warrantee to protect his individual interests." [The opinion in this case was modified in 114 Okla. 217, 246 P. 603.]

We think that the rule of law stated is a correct one, but we do not think that it has any application to the facts in this case. Therein a warrantor defended the action. Herein the warrantor did not defend the action. Herein the defendant defended only the claim against himself and he did not defend the claim against the plaintiff in this action. Had the plaintiff not answered, doubtless he would have been adjudged in default and a judgment rendered against his property. He gave the defendant an opportunity to defend the action for him and the defendant failed to do so. The plaintiff acted within his rights when he employed an attorney to protect his interests after the defendant had failed to do so. We think that, under the provisions of section 5265, C. O. S. 1921, and common justice between man and man, the defendant ought to pay the plaintiff for the amount expended by the plaintiff in good faith in an effort to protect the property he had purchased from the defendant from the lien claim of Fischer & Son. The jury so found from the evidence in the case. That evidence is sufficient to support the judgment. We think there was no error in the judgment rendered on the sixth cause of action.

The record discloses that this cause was fairly tried, and the judgment of the trial court is in all things affirmed.

LESTER, C. J., CLARK, V. C. J., and

RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur.