COVINGTON v. ANTHONY.

No. 30692. June 30, 1942.

Rehearing Denied Sept. 15, 1942.

*128 P. 2d 1012.*

Pierce & Rucker, of Oklahoma City, Johnson & Jones, of Bristow, and Dale F. Rainey, of Okmulgee, for plaintiff in error.

John R. Miller, R. O. Lytle, and Roy T. Wildman, all of Sapulpa, for defendant in error.

CORN, V. C. J. Pauline Covington, a minor, was permanently injured by an automobile driven by Verona Bessent, but owned by S. W. Anthony. In an action styled "E. L. Covington, next friend of Pauline Covington, a Minor, v. Verona Bessent and S. W. Anthony," No. 5252, superior court of Okmulgee county, she recovered a judgment against Anthony for her injuries, but the jury made no findings as to Verona Bessent, driver of the car, and the trial court entered judgment in favor of Verona Bessent.

That judgment was appealed to this court by Anthony, and naming Verona Bessent as a defendant in error. No cross-appeal was filed by plaintiff as to that portion of the judgment rendered in favor of Verona Bessent.

That judgment was reversed by this court in Anthony v. Covington et al., No. 29213, 187 Okla. 27, 100 P. 2d 461, and the trial court was directed to render judgment for the defendant, Anthony.

November 1, 1940, case No. 3063, styled as "Pauline Covington, a Minor, by her mother and next friend, Dovie Mae Covington v. S. W. Anthony," was filed in the Bristow division, superior court of Creek county, seeking damages for plaintiff's injuries, upon the same facts alleged in the cause tried before the Okmulgee county superior court. In this action recovery was sought against the defendant by reason of an injury resulting from the negligent operation

of defendant's automobile by defendant's agent, Verona Bessent, alleged to have been known to defendant as a reckless and careless driver, and alleging that defendant was negligent in entrusting operation of this automobile to Verona Bessent.

Defendant's answer was a general denial. Then, by affirmative allegations, defendant set up that plaintiff's injuries were caused by her primary negligence, and further pleaded the statute of limitations.

By cross-petition defendant asked affirmative relief, alleging that: (1) Plaintiff was estopped to bring the present action by reason of the former judgment of the superior court of Okmulgee county and of this court; (2) that said judgment was res judicata as to this action; (3) plaintiff be perpetually enjoined from prosecuting this or any other action based upon the same cause of action.

To this the plaintiff filed an amended reply to the answer, and an answer to defendant's cross-petition, denying generally the allegations of defendant's answer. Plaintiff specifically denied that: (1) She had been a party to the proceedings to the action in the superior court of Okmulgee county; (2) she had been a party to an appeal to this court in case 29213, and that her right to bring this action had been in any manner affected by such proceedings; (3) at the time of the action in the superior court of Okmulgee county, she was 13 years old, and had directed no one to proceed for her, but upon becoming 16 years of age she had appointed her mother as next friend for purposes of this action; (4) further, the judgment in the superior court of Okmulgee county had been procured by fraud upon the court, and by reason of such fraud this judgment was void and of no force as respected plaintiff's rights in present action; (5) by reason of this fraud defendant was estopped to set up that judgment in bar of the present action.

Defendant then filed a motion to strike plaintiff's amended reply and amended answer to the cross-petition because: (1) The plaintiff was seeking to make a collateral attack on the first judgment; (2) the court had no jurisdiction to hear and determine the matters raised therein; (3) pleadings failed to show any fraud on defendant's part; (4) the matters set forth therein constituted a departure; (5) there was a failure to state facts which would entitle plaintiff to any relief, or entitle the court to disregard the judgment, and this because this was a law action and the rights of the parties were legal, and there was nothing in the pleadings to invoke the jurisdiction of this court.

Defendant then filed a motion for judgment on the pleadings, and prior to consideration of such motion plaintiff then sought leave to amend further, by alleging that by reason of extraneous fraud practiced by defendant upon the superior court of Okmulgee county the court should hold the judgment void and ineffective so far as plaintiff's rights were concerned. The trial court refused to permit the amendment; sustained defendant's motion to strike plaintiff's answer and reply, and entered judgment for the defendant upon the stipulation of facts and the pleadings. The trial court further entered judgment enjoining plaintiff from prosecuting any action based upon the same cause of action against the defendant during her minority.

Plaintiff has appealed from this judgment. The argument for reversal of the judgment is presented under two propositions, the first of which is the contention that the plaintiff was not a party to the first action in the superior court of Okmulgee county, or in case No. 29213 before the Supreme Court, and was in no manner bound by such proceedings.

In this connection plaintiff urges the petition in the first case did not state that the action was brought for or on behalf of Pauline Covington, and likewise insists that the phrase, "as next friend of Pauline Covington, a minor," constitutes nothing more than a descrip-

tive phrase. Following this line of argument, plaintiff also urges that to construe the first action as a suit by plaintiff for her own benefit is to indulge a presumption unjustified by the method under which the suit was instituted and prosecuted.

Recourse to the opinion rendered in case No. 29213 dissolves any doubt that this matter was therein considered otherwise than as an action by Pauline Covington, by her father as next friend. Throughout the opinion reference is made to the plaintiff, plaintiff's injury, plaintiff's contributory negligence, etc. This alone is sufficient to destroy the force of the argument now made in the present case, that the action was not by plaintiff, and that she was not the party in interest, and discloses that this court considered the matter, and held Pauline Covington to be the real party in interest. It cannot be denied that this issue was considered on the first appeal. This, then, brings us to the question whether the issues and matters raised in the first action, and by the appeal to this court, are res judicata by reason of that judgment.

In 30 Am. Jur., Judgments, § 178, it is said:

"It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions become res judicata and may not again be litigated in a subsequent action between the same parties or their privies, regardless of the form the issue may take in the subsequent action, whether the subsequent action involves the same or a different form or proceeding, or whether the second action is upon the same or different cause of action, subject matter, claim or demand, as the earlier action. . . . ."

See Benson v. Fore, 136 Okla. 185, 276 P. 742, 64 A. L. R. 154; El Reno v. Cleveland-Trinidad Paving Co., 25 Okla. 648, 107 P. 163, 27 L. R. A. (N. S.) 650; Pappe v. Law, 169 Okla. 15, 35 P. 2d 941, 95 A. L. R. 939.

And, following this, section 180 states:

"The rule granting conclusiveness to a judgment in regard to issues of fact which could properly have been determined in the action is limited to cases involving the same cause of action. Where a second action is upon a different claim, demand, or cause of action, the established rule is that the judgment in the first action operates as an estoppel only as to the points or questions actually litigated and determined, and not as to matters not litigated in the former action, even though such matters might properly have been determined therein. Accordingly, before the doctrine of res judicata is applied in such cases, it should appear that the precise question involved in the subsequent action was determined in the former action. These rules prevail whether the judgment is used in pleading as a technical estoppel or is relied on by way of evidence as conclusive per se."

See Sartin v. Hughen, 154 Okla. 155, 7 P. 2d 151; Re First Nat. Bank, 93 Okla. 233, 220 P. 909, 57 A. L. R. 890.

This rule is found, often in identical language, in numerous cases collected in the American Digest, Judgments, Key 713 (2). It would serve no purpose to cite them at length, inasmuch as they consistently hold that a decree or judgment on the merits is conclusive as to the issues adjudicated, or which might have been adjudicated.

The most concise and enlightening statement of the reason for the rule is to be found in the second and third syllabus paragraphs of Reed v. Allen, 286 U. S. 191, 52 C. Ct. 532, 76 L. Ed. 1054, which state:

"The mischief which would follow the establishment of a precedent for disregarding the doctrine of res judicata would be greater than the benefit which would result from relieving some case of individual hardship."

"A judgment not set aside on appeal or otherwise is equally effective as an estoppel upon the points decided, whether the decision be right or wrong."

In Cunningham v. Oklahoma City, 188 Okla. 466, 110 P. 2d 1102, paragraph 1 of the syllabus states:

"A final judgment of a court of competent jurisdiction is conclusive between the parties and their privies in a subsequent action involving the same subject matter, not only as to all matters actually litigated and determined in the former action, but as to all matters germane to issues which could or might have been litigated therein."

The converse of this situation is fully as plain. Assume in the event this court, in case No. 29213, had affirmed the judgment and the defendant had refused to satisfy same, but had filed suit to enjoin levying of execution upon his property on the ground the action had not been prosecuted by the real party in interest. Could it be conscientiously urged that any court would have the jurisdiction to enjoin the execution? The answer is obvious.

The argument in answer to this contention of plaintiff's could be elaborated at length. We see no necessity for this. The final judgment of this court was conclusive, not only as to the issues litigated, but likewise as to matters which were germane to the issues which might have been litigated therein. See McIntosh v. Board of Com'rs of McIntosh County, 179 Okla. 610, 67 P. 2d 10; Factor Oil Co. v. Brydia, 184 Okla. 113, 85 P. 2d 311; Cunningham v. Oklahoma City, supra; Haffner et al. v. Commerce Trust Co., 188 Okla. 532, 111 P. 2d 479.

Plaintiff's second proposition is that extraneous fraud was practiced upon the trial court. Plaintiff charged that in the Okmulgee county case: (1) attorneys having no authority to do so purported to represent Verona Bessent and filed pleadings in her behalf; (2) that if an answer had not been filed for her the trial court would have entered judgment by default as to her; (3) the Supreme Court would not have reversed the trial court on the ground she had been exonerated from actionable negligence.

The argument is made that because pleadings were filed for her, it was made to appear that she was defending this action, when it appeared at the trial that she was in default. It is plaintiff's contention that this resulted in the judgment being declared invalid by this court because it did not run against Verona Bessent, when, had it not been for this fraud practiced upon the court, the judgment would have run against her. The plaintiff further urges that the opinion in the original case clearly shows that, had the issue of her liability not been submitted to the jury, this court would have arrived at a different result in rendering the opinion; and, if she had been in default, the issue of her liability would not have been submitted to the jury at all. We are unable to interpret that opinion in this light.

The trial court held these facts were insufficient to constitute fraud which was sufficient to set this judgment aside, and this was stated as his reason for refusing to allow the plaintiff's amended reply and amended answer to be filed.

The argument is based upon the ground that fraud which prevents the unsuccessful party from fully presenting his case vitiates a judgment, and that by reason of the fact that it was made to appear to the trial court that Verona Bessent was represented at the trial by counsel was a fraud, resulting in detriment to the plaintiff sufficient to authorize vacating of this judgment. Plaintiff insists, had it not been for this, the trial court would have rendered judgment against her by default.

The entire situation was presented to the trial court, including all facts upon which the plaintiff bases her present claim of fraud, and the trial court expressly stated that these facts were not sufficient to constitute a fraud upon the court, even if true.

Had plaintiff felt herself aggrieved at the time, there were means open by which she could have carried the matter further. This was not done. The judgment was allowed to stand without any action by the plaintiff. We necessarily conclude that the claim of fraud was properly denied by the trial court.

Judgment affirmed.

WELCH, C. J., and OSBORN, GIBSON, and DAVISON, JJ., concur. RILEY, J., dissents. BAYLESS, HURST, and ARNOLD, JJ., absent.