## WILSON v. VANCE.

No. 34118.   Jan. 22, 1952.

*240 P. 2d 108.*

C. B. McCrory and Harry D. Pitchford, Jr., Okmulgee, for plaintiff in error.

Steele & Boatman, Okmulgee, for defendant in error.

O'NEAL, J.   The present case will be more readily understood by reference to the plaintiff below as Vance, and the defendant below as Wilson. This designation is peculiarly appropriate by reason of the previous litigation between Wilson, as plaintiff, v. Vance, as defendant, which was considered by this court and which is reported in 199 Okla. 434, 186 P. 2d 805. The trial court held, in the case now before us, that the judgment rendered in Wilson v. Vance, supra, was a bar to the present action. The journal entry of judgment recites:

"That the court does not consider and does not find or decide whether the signature of H. J. Vance to the deed of March 12 (1946) purporting to be from J. H. Vance to B. J. Wilson is or is not a forgery."

From the judgment so rendered Wilson appeals contending that the doctrine of estoppel or res adjudicata has no application upon the issues joined in the present action. The facts as developed in the former litigation, as well as the present suit, are in a measure inexplicable. By reference to our former opinion we find that H. J. Vance and B. J. Wilson each acquired, in the year 1937, an undivided one-half interest in lot 5, block 62 in the city of Okmulgee. After H. J. Vance died in April, 1946, a quitclaim deed purporting to be signed by Wilson conveying to Vance, Wilson's undivided one-half interest in the property, was discovered among Vance's papers. The undisputed testimony discloses that Wilson and Vance were good friends. Wilson occupied a small building on the lot, conducting therein a job printing business. The other buildings on the lot were rented to third persons. Vance collected the rents and accounted to Wilson for his half interest therein. The property was listed for tax assessment in their joint names and taxes paid by each of them. From and after the acquisition of the property in 1937, and up to the death of H. J. Vance, in April, 1946, no claim was made by either party that they owned a greater interest in the property than an undivided one-half interest therein. Each of the parties held themselves out to the public as tenants in common with the right of possession and control thereof. After H. J. Vance's death, Wilson brought an action to cancel the purported quitclaim deed from Wilson to Vance claiming the deed was a forgery. The trial court found, and we affirmed, that the deed was not a forged instrument. Complete title to the property was thus vested in Mayola B. Vance, widow of H. J. Vance, then deceased.

In the present action, Mayola B. Vance seeks to obtain a judgment against Wilson for the possession of said property and rentals for its use and occupancy, claiming to be the sole owner thereof. Her ownership is based on three muniments of title: (1) Deed of June 2, 1937, from George L. Knapp to H. J. Vance and B. J. Wilson; (2) Deed of January 29, 1940, from J. B. Wilson to H. J. Vance, and (3) the judgment of October 8, 1946, Wilson v. Vance, supra, and upon which Vance relies as res adjudicata. Wilson, by answer, admits the deed from Knapp to Vance and Wilson as of June 2, 1937; that Wilson was wholly without knowledge of the existence of the deed of January 29, 1940, from Wilson to Vance until after Vance's death and which deed purported to convey Wilson's one-half interest in said property to Vance; that shortly before Vance's death, Vance conveyed, under date of March 1, 1946, an undivided one-half interest in said property to Mayola B. Vance, his wife; that on March 12, 1946, Vance executed a deed to the remaining one-half interest in said property to Wilson; that this deed was left by Vance with a notary public in the city of Tulsa, who had taken the acknowledgment to the deed, with instructions to deliver the deed to Wilson; that Wilson did not know until December 1, 1947, that Vance had executed the deed with instructions to the notary to deliver the same to him. Wilson, therefore, contends that having no knowledge of the deed of March 12, 1946, when the judgment in the former action was rendered (Oct. 8, 1946) that the deed of conveyance from Vance to Wilson was not a subject of consideration, nor in any respect involved upon the issues or facts upon which the former judgment is based. By cross-petition Wilson prays title to be quieted in him for an undivided one-half interest in the property involved.

Upon the issues thus joined, the trial court, as indicated, declined to make any finding that the deed of March 12, 1946, from Vance to Wilson was a forged instrument. Mayola B. Vance testified that she had examined and compared the signature on the deed, and that it was not the genuine signature of her deceased husband. The trial court gave no consideration to that is-

sue in the case, or the allegations of Wilson's answer and cross-petition wherein he pleaded that his first knowledge of the execution and existence of the deed was as of December 1, 1947, when he was advised by the notary public that Vance had signed the deed in the notary's presence and the notary had taken his acknowledgment thereto, and that the notary was instructed to deliver the deed to Wilson when he next saw him. The trial court based its judgment solely on the ground of estoppel under the doctrine of res adjudicata. In so holding, the trial court erred. In Johnson v. Whelan, 186 Okla. 511, 98 P. 2d 1103, we held:

"Where an estoppel by a former judgment rendered upon one cause of action is sought to be applied to matters arising in a suit in a different cause of action, the inquiry is whether the question of fact in issue in the latter case is the question of fact actually determined in the former action, and not what might have been litigated and determined therein."

In Freeland v. Dolen, 84 Okla. 286, 203 P. 182, we held the rule to apply to all matters germane to the issues which could or might have been at issue and determined thereon. In Cressler v. Brown, 79 Okla. 170, 192 P. 417, the rule is announced as follows:

"A former judgment cannot be relied upon in support of a plea in bar unless the former suit in which the judgment was rendered was based on the same cause of action upon which the latter suit is based."

The application of the rule is aptly illustrated in the case of Loughridge v. Morris, 68 Okla. 80, 171 P. 451. In that case the court held:

"Where plaintiff brought an action of ejectment and prosecuted same to judgment in his favor, but made no demands therein for rents and profits of the land involved, the judgment in the ejectment suit is not a bar to a subsequent action for rents and profits."

Private rights and public welfare unite in demanding that a question once adjudicated by a court of competent jurisdiction should, except in direct proceedings to reverse, be considered as finally settled and conclusive upon the parties. Interest rei publicae ut sit finis litium. But in order to make this finality rightful, it should appear that the question was distinctly put in issue; that the parties presented their evidence, or at least had an opportunity to present it, and that the question was decided.

Plaintiff, Mayola B. Vance, relies on cases claimed to be opposite. Baker v. Leavitt, 54 Okla. 70, 153 P. 1099; Deming Investment Co. v. Shannon, 62 Okla. 277, 162 P. 471, and on the more recent cases of Uphoff v. Meier, 184 Okla. 378, 87 P. 2d 960, and Home Development Co. v. Hankins, 195 Okla. 632, 159 P. 2d 1013.

The Baker v. Leavitt case, supra, holds that the final judgment in the former case is said to apply to all matters germane to the issues which could or might have been litigated and determined therein.

In the Deming Investment Co. case, it is said that a fact or question, which was actually and directly in issue in the former suit, is conclusively settled by the judgment therein.

In Uphoff v. Meier, we held that a fact, right or question actually litigated and determined by a court of competent jurisdiction may not again be litigated by the same parties.

In the Home Development Co. case, we held that a final judgment is conclusive between the parties in a subsequent action involving the same subject matter and all matters germane to the issues which could or might have been litigated and determined.

The general expression in reported cases, that the former judgment is conclusive of every matter which the parties might have litigated in the case, is misleading. What is meant by this expression is that a judgment is conclusive upon the issues as there disclosed by the pleadings, instructions of

the court, the verdict or findings and the scope and meaning of the judgment is often determined by the pleadings or findings. So far as those issues are concerned, they are not subject to review in another litigation. In Wilson v. Vance, supra, Wilson pleaded a single issue, that the deed of January 29, 1940, found among Vance's papers upon Vance's death, and which purported to convey Wilson's one-half interest in the property to Vance, was a forgery. That question was submitted to the jury as follows:

"Is the signature on the quitclaim deed from B. J. Wilson to H. J. Vance a forgery?"

And the jury's answer to the interrogatory was, "No". We affirmed on the ground that the judgment of the trial court was not clearly against the weight of the evidence.

As indicated, shortly before H. J. Vance died he deeded an undivided one-half interest in the property to his wife, Mayola B. Vance, the present plaintiff, and deeded the remaining one-half interest to Wilson. Wilson's contention here is that he had no knowledge of the execution of this deed as of date, March 12, 1946, until December 1, 1947. The notary's testimony tends to establish the fact that he had known both Wilson and Vance for some years, and that Vance came to his office in March, 1946, with the deed in question; that Vance signed the deed in the presence of the notary and the notary took his acknowledgment thereto, and that Vance instructed the notary to deliver the deed to Wilson when he next saw him. The deed, however, was not delivered until December 1, 1947.

Mayola B. Vance, in the present action, stated that the deed from Vance to Wilson of March 12, 1946, does not bear the true signature of her deceased husband, and submitted proof tending to establish that contention. Vance contends that if the court erred in holding the former judgment a bar to the present action, that the judgment must be affirmed on the oft-expressed announcement:

"Where a cause is tried to the court without a jury, and the court makes no special findings of fact, a general finding in favor of plaintiff includes a finding upon every fact necessary to support the judgment."

This contention is based upon the lower court's finding that plaintiff should recover the sum of $330 for rent for the use and occupancy of the premises by Wilson and upon the further finding that the deed of March 12, 1946, introduced by Wilson should be canceled of record.

We cannot sustain the contention that the court entered a general judgment. In view of the recitals in the journal entry:

"That the court finds and concludes that the judgment of October 8, 1946, rendered in the case of B. J. Wilson v. Mayola B. Vance constitutes res adjudicata, and a complete estoppel as against B. J. Wilson in this case, and that the court so holding and deciding regards it unnecessary to consider and does not find nor decide whether or not the signature of H. J. Vance to the deed of March 12, 1946, purporting to be from H. J. Vance to said B. J. Wilson is or is not a forgery."

The cancellation of the deed of March 12, 1946, was not based on the assertion of Mayola B. Vance that the deed was a forgery, nor was any consideration given to Wilson's cross-petition in which he claimed an undivided one-half interest in the property under the deed of March 12, 1946, and that under said deed he had been in possession of the property for six years prior to the filing of the present suit, nor to his prayer for a partition of said property in kind, or in the alternative to a sale thereof and the division of the proceeds equally between the parties.

The answer of the defendant and the cause of action pleaded by him in cross-petition are matters not foreclosed by the former judgment under the rule of estoppel, or res adjudicata.

The case is remanded, with instructions to proceed in conformity to the views herein expressed.

Judgment reversed.

HALLEY, V.C.J., and GIBSON, DAVISON, JOHNSON, and BINGAMAN, JJ., concur. WELCH and CORN, JJ., dissent.

