**HAPPY ELEVATOR NO. 2**

v.

**OSAGE CONST. CO.**

No. 4688.

United States Court of Appeals
Tenth Circuit.

Jan. 6, 1954.

E. Byron Singleton, Amarillo, Tex. (Loyd Benefield, Oklahoma City, Okl., on the brief), for appellant.

Roy C. Lytle, Oklahoma City, Okl. (E. William Brown, Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

Happy Elevator No. 2, a co-partnership composed of D. D. Whitlow, J. O. Parker and Dale D. Whitlow, brought this action against Osage Construction Company,[1] a co-partnership composed of V. B. Likins and Max D. Westbrook, to recover damages for an alleged breach of a construction contract. The trial court held that the issues in the instant case

---

1. Happy Elevator No. 2 will be referred to herein as Happy and Osage Construction Company as Osage.

had been determined by judgment entered in the United States District Court for the Northern District of Texas, and entered summary judgment in favor of Osage. Happy has appealed.

The essential facts are not in dispute. In April of 1949, Happy entered into a contract with George Wilder, doing business as the Wilder Construction Company, for the construction of a concrete and steel elevator. Plans and specifications were prepared by Wilder and his engineering staff. After the construction had been completed and the elevator was being used for wheat storage, one of the bins collapsed and caused substantial damage to the elevator and grain stored therein.

Caledonian Insurance Company had issued an explosion insurance policy covering the elevator. It denied liability under the policy on the ground that the collapse was caused by structural defects and not by an explosion. Wilder concluded that the collapse was caused by an explosion and was not due to structural defects for which he was responsible. Wilder and Osage made surveys and advised Happy that the elevator could be restored and rebuilt with the addition of concrete and certain steel cross members. The estimate of cost by Osage was $22,080.00, while Wilder estimated the cost to be $19,500.00. Wilder undertook to reconstruct the damaged portion of the elevator and entered into a contract with Osage to repair two interlocking concrete grain storage bins in accordance with certain specifications for $8,866.61. The reconstruction work was completed and Happy began the use of the elevator in the normal course of its grain business when shortly thereafter the entire elevator collapsed.

Happy brought two actions in the State Court of Texas against Wilder, Caledonian, American Surety Company, Osage, and Maryland Casualty Company,[2] to recover the damages it had incurred as a result of the two collapses. The actions were removed to the United States District Court for the Northern District of Texas and were consolidated for trial. Osage was not served and the action was dismissed as to it without prejudice.

In the complaints, Happy alleged that Osage was negligent and that it was guilty of faulty construction in the performance of its contract which was the proximate cause of the second collapse; and that Maryland, under the terms of its performance bond, was responsible for the damages caused by Osage to the extent of its bond. In its answer Maryland denied that Osage was negligent or had failed in any manner in the performance of its contract; and further alleged that the notice required in the bond was not given by Happy and that the damages complained of were not covered by the bond.

The case was tried to a jury and at the conclusion of the plaintiff's evidence, Maryland moved for directed verdict upon the grounds, "That the plaintiffs had failed to make out a cause of action against Maryland." This motion was denied. At the conclusion of all the evidence, the motion was renewed and sustained by the court. The formal motion for a peremptory instruction to the jury contained five grounds, one of which alleged that the evidence was insufficient to show that Osage had failed to faithfully perform the contract.[3] The other four grounds were personal as to Maryland. The Texas court granted the

2. American Surety Company had issued a performance bond for Wilder in connection with the original construction, and Maryland Casualty Company had issued a bond to Osage covering its work on the elevator.

3. The specific grounds as set forth in the motion are as follows:

"1. Because the record is devoid of competent evidence that this defendant executed any bond or policy under which it would be liable to the plaintiff.

"2. Alternatively, because the record is devoid of any competent evidence that the principal, Osage Construction Company, on whose behalf this defendant is alleged to have executed a bond, failed to faithfully perform the said contract.

"3. Alternatively, because the evidence is insufficient as a matter of law to sus-

motion in general terms and the record does not show the specific grounds upon which the motion was granted.

The allegations in the present case relating to the liability of Osage on its contract are substantially the same as the allegations in the Texas cases. Osage in its answer pleaded res judicata or estoppel by judgment as an affirmative defense. The record of the proceedings in the Texas court was attached to the motion for summary judgment, and Osage asked that judgment be entered in its favor on the ground that the Texas judgment was res judicata. In its brief, Osage says, "Putting our argument in a nutshell, the plaintiff has had its day in court and has had an opportunity to introduce evidence and to obtain a judgment against those persons who, if a judgment had been rendered against them, would have had a right to collect from Osage based upon a judgment against them." The rule as stated in this case is not applicable because the claim or cause of action is not the same as in the Texas cases.

The general principles of res judicata and estoppel by judgment are well recognized. Where a second action between the same parties or their privies is on the same cause of action as the first, the final judgment rendered in the former action is conclusive as to all matters actually litigated and as to any other issue, claim or defense which might have been presented in that action.[4] A judgment in a prior action between the same parties or their privies which was not based upon the same claim or cause of action as in the second, but which involved the determination of the issues that are in the second action, will operate as an estoppel only as to those issues, claims or defenses which were actually litigated and determined.[5] To hold otherwise might well prevent a hearing or a determination on the merits even though there had not been a hearing or determination in the first case.

---

tain a jury's finding that this defendant is liable to the original plaintiffs in any manner whatsoever.

"4. Alternatively, because the plaintiffs have failed to prove a cause of action against this defendant, Maryland Casualty Company.

"5. Alternatively, because the bond that is alleged to have been executed by this defendant has not been introduced in evidence and therefore, there is not any evidence in this record that this defendant is liable under its said bond."

4. United States v. Munsingwear, Inc., 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36; Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898; Deep Rock Oil Corp. v. Sheridan, 10 Cir., 173 F.2d 186; Henderson v. United States Radiator Corp., 10 Cir., 78 F.2d 674; Goldman v. General Mills, Inc., 8 Cir., 203 F.2d 439; Crockett v. Root, 194 Okl. 3, 146 P.2d 555; Sartin v. Hughen, 154 Okl. 155, 7 P.2d 151; Rio Bravo Oil Co. v. Hebert, 130 Tex. 1, 106 S.W.2d 242.

5. United States v. International Building Co., 345 U.S. 502, 73 S.Ct. 807; Commissioner of Internal Revenue v. Sunnen, supra, 333 U.S. at pages 597, 598, 68 S.Ct. at page 719; Mercoid Corp. v. Mid-Continent Inv. Co., 320 U.S. 661,

64 S.Ct. 268, 88 L.Ed. 376; Tait v. Western Maryland Ry. Co., 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405; Russell v. Place, 94 U.S. 606, 24 L.Ed. 214; Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195; Oklahoma and Texas recognize this general rule. Wilson v. Vance, 205 Okl. 641, 240 P.2d 108; Webb v. Smith, 202 Okl. 656, 216 P.2d 968; Crockett v. Root, supra; Uphoff v. Meier, 184 Okl. 378, 87 P.2d 960; Sartin v. Hughen, supra; 26 Tex.Jur. 14, Sec. 354; State v. Selby Oil & Gas Co., 135 Tex. 146, 139 S.W.2d 781; Rio Bravo Oil Co. v. Hebert, supra; Cravens v. Adams, Tex.Civ.App., 94 S.W.2d 877; Maxey v. Norsworthy, Tex.Civ.App., 19 S.W.2d 926.

In United States v. International Building Co., supra, the Supreme Court says, 345 U.S. at page 506, 73 S.Ct. at page 809:

"But unless we can say that they were an adjudication of the merits, the doctrine of estoppel by judgment would serve an unjust cause: it would become a device by which a decision not shown to be on the merits would forever foreclose inquiry into the merits. Estoppel by judgment includes matters in a second proceeding which were actually presented and determined in an earlier suit."

Where it appears that there may have been several distinct issues before the court in the first action, one or more of which may have controlled the judgment and there is no finding or indication in the record as to which of them the judgment is based upon, it is not res judicata as to such issues arising in a second action.[6] In such cases it is incumbent upon the party asserting the defense to prove that the issues were actually litigated and determined in the former action.[7]

■ In the Texas cases the cause of action was against Maryland on its bond. It was responsible only to the extent of the conditions in the bond. The cause of action against Osage in this case is based upon its alleged failure to perform the construction contract which is an entirely different claim and cause of action from that asserted against Maryland in the Texas cases. We need not decide whether Osage and Maryland were in privity in the Texas cases because it has not been shown that the liability of Osage was litigated and determined in those cases. It is true that Maryland was liable only if Osage was liable and that Maryland could have defended upon the ground that Osage had performed its contract, but Maryland had other defenses which were not available to Osage, two of which were pleaded. In its motion for a directed verdict, four grounds were set forth which did not involve the liability of Osage for negligence or failure to perform its contract. The Texas record clearly shows that Happy there failed to establish liability on Maryland's bond because it did not introduce the bond in evidence or prove its terms. There is no indication in this record, which includes the Texas record, that the Texas court determined the issue of Osage's liability to Happy, or that the judgment there in favor of Maryland was based upon a determination of that issue. A verdict in favor of Maryland could well have been directed on other grounds and the Texas record indicates that it was.

The summary judgment is reversed and the case is remanded for further proceedings.

6. 50 C.J.S., Judgments, § 719; 30 Am.Jur. Judgments, Sec. 283; Flanigan v. Ditto, Inc., 7 Cir., 91 F.2d 1; Vogel v. New York Life Ins. Co., 5 Cir., 55 F.2d 205; Johnson v. Whelan, 186 Okl. 511, 98 P.2d 1103; McKee v. Producers' & Refiners' Corp., 170 Okl. 559, 41 P.2d 466; City of Geneseo v. Illinois Northern Utilities Co., 378 Ill. 506, 39 N.E.2d 26; Tighe v. Skillings, 297 Mass. 504, 9 N.E.2d 532; Hoffman v. Hoffman, 330 Ill. 413, 161 N.E. 723.

In Russell v. Place, supra, the Supreme Court said 94 U.S. at page 608, 24 L. Ed. 214:

"It is undoubtedly settled law that a judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties. But to this operation of the judgment it must appear, either upon the face of the record or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit. If there be any uncertainty on this head in the record,—as, for example, if it appear that several distinct matters may have been litigated, upon one or more of which the judgment may have passed, without indicating which of them was thus litigated, and upon which the judgment was rendered,—the whole subject-matter of the action will be at large, and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined. To apply the judgment, and give effect to the adjudication actually made, when the record leaves the matter in doubt, such evidence is admissible.

7. 30 Am.Jur.Judgments, Sec. 283; Russell v. Place, supra; Morgan v. Whitehead, 196 Okl. 402, 165 P.2d 338, 341.