PER CURIAM.
This case turns on a question of whether a final order of dismissal entered under Rule 1.35(b), Florida Rules of Civil Procedure, 30 F.S.A., is res judicata. The order in question reads, in part, as follows:
* * * * * *
“Under the circumstances, Plaintiff has failed to state a cause of action for declaratory decree and the cause should he dismissed under authority of Halpert v. Olesky, Fla., 65 So.2d 762, and Florida National Bank of Jacksonville v. Pugh, Fla., 88 So.2d 284, and Plaintiff left to its traditional and sufficient remedy at law.”
* * * * * *
We do not find that the order, in its entirety, indicates a ruling by the chancellor on the merits sufficient to support a defense res judicata to bar a subsequent suit. To support a defense of res judicata, it must be clear that the court in the previous action intended that the disposition there was to be without right to further proceedings by the plaintiff. See: Tilton v. Horton, 103 Fla. 497, 137 So. 801; 19 Fla.Jur., Judgments and Decrees, § 144; 30A Am.Jur., Judgments, § 69. The order claimed to be res judicata in the instant action was carefully drawn to say that the only ruling was a denial of the right of chancery relief. The purport of the order must be determined from the entire order, and not just from an isolated part thereof. See: Kincade v. Jeffery-DeWitt Insulator Corp., 5th Cir. 1957, 242 F.2d 328; McDougal v. McDougal, Mo.App.1955, 279 S.W.2d 731; Webb v. Smith, 202 Okl. 656, 216 P.2d 968; 30A Am.Jur., Judgments, § 69.
Therefore, for the reasons stated above, the final judgment here under review be and the same is hereby affirmed.
Affirmed.